IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY STATE OF FLORIDA
Civil Division

DAVID FEINBERG,

    Plaintiff,

v.

T. ROWE PRICE ASSOCIATES, INC.,

    Defendant.
_____/

Case Number: 10005965

Division: DIVISION G

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, David Feinberg (herinafter "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, T. Rowe Price Associates, Inc. (hereinafter "Defendant"), and states:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of fifteen thousand dollars ($15,000.00).

2. Venue lies within Hillsborough County because a substantial part of the events giving rise to this claim arose in this judicial district.

### PARTIES

3. Plaintiff is a citizen and resident of Hillsborough County Florida.

4. Plaintiff is an "employee" within the meaning of the Family and Medical Leave Act ("FMLA").

5. Defendant is a corporation authorized to do business and doing business in Hillsborough County, Florida.

6. Defendant is an "employer" as defined by the FMLA.

## GENERAL ALLEGATIONS

7. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's federally protected rights.

8. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obliged to pay them a reasonable fee for their services.

9. Plaintiff requests a jury trial for all issues so triable.

10. All conditions precedent to maintenance of this action have occurred or have been waived.

## FACTS

11. In October 2009, Plaintiff began suffering from severe illness. Plaintiff was incapacitated for more than three consecutive, full calendar days by this illness. Plaintiff received treatment more than two times within thirty days of the first day of incapacity and, further, received a regimen of continuing treatment under the supervision of a healthcare provider. Plaintiff had a "serious health condition" as defined by the FMLA.

12. In October 2009, Plaintiff communicated to Defendant that he was out of work because of his medical condition. Defendant was aware that Plaintiff had a serious health condition that caused him to miss work.

13. In November and December 2009, Plaintiff continued to miss work due to his serious health condition.

14. In early January 2010, plaintiff communicated with his supervisor, Bob Burns, about his need to take medical leave due to his recurring illness.

15. On January 13 and 14, 2010, Plaintiff missed work due to his serious health condition. When he attempted to return to work, he was told that his employment by Defendant had been terminated.

16. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

17. Defendant's actions constitute a violation of the FMLA.

18. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, David Feinberg prays this court award: a) back pay, front pay and benefits; b) interest; c) attorneys fees and costs; d) equitable relief; and, e) such other relief as is permitted by law.

Dated this 15 day of March, 2010.

Respectfully submitted,

*/s/ Matthew K. Fenton*

**MATTHEW K. FENTON, ESQUIRE**
Florida Bar Number: 0002089
Attorneys for Plaintiff
Wenzel Fenton Cabassa, P.A.
1110 North Florida Avenue, Suite 300
Tampa, Florida  33602
Telephone: 813 224-0431
Fax: 813 229-8712
E-Mail: mfenton@wfclaw.com